E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOSHUA O. MAUSNER (Cal. Bar No. 260251)
Assistant United States Attorneys
Chief, Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0619
     Facsimile: (213) 894-3713
     E-mail:    joshua.mausner@usdoj.gov

NICOLE M. ARGENTIERI
Principal Deputy Assistant Attorney General
Head of the Criminal Division
PATRICK JASPERSE (D.C. Bar No. 986804)
ALEXANDRA SKINNION (Penn. Bar No. 327795)
Trial Attorneys
U.S. Department of Justice, Criminal Division
Human Rights and Special Prosecutions Section
     1301 New York Avenue, NW
     Washington, D.C. 20530
     Telephone: (202) 616-8917 / 9371
     Email:     patrick.jasperse@usdoj.gov
                alexandra.skinnion@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00483-HDV |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| SAMIR OUSMAN ALSHEIKH, | |
| Defendant. | **CURRENT TRIAL DATE:**  10/1/2024<br>**PROPOSED TRIAL DATE:**  1/21/2025 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorney Joshua O. Mausner, and

Department of Justice Trial Attorneys Patrick Jasperse and Alexandra Skinnion, and defendant SAMIR OUSMAN ALSHEIKH ("defendant"), both individually and by and through his counsel of record, Peter Hardin, hereby stipulate as follows:

1. The Indictment in this case was filed on August 8, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 12, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 17, 2024.

2. On August 16, 2024, the Court set a trial date of October 1, 2024, and a pretrial conference date of September 19, 2024.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately 7-10 days.

4. By this stipulation, defendant moves to continue the trial date to January 21, 2025, and the pretrial conference to January 9, 2025. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 18 U.S.C. §§ 1546(a) (Visa Fraud) and 1425(a) (Attempted Naturalization Fraud). The government has produced discovery to the defense, including over 2,400 pages of written discovery, reports, and documentary evidence, a substantial portion of which is in the Arabic language requiring additional time for translation and review. The government's investigation in this matter is ongoing, including additional victim and witness interviews that have recently been conducted and will continue to be conducted, and which may result in a superseding

2

indictment adding additional charges.  The government will continue to produce to the defense any additional reports as they are generated or other documentary evidence as it comes into the government's possession.

   b. Due to the nature of the prosecution, including the charges and allegations in the Indictment; the ongoing investigation by the government, including official requests for evidence to foreign countries under Mutual Legal Assistance Treaties; the presence of victims and witnesses in foreign countries, including the need for potential Rule 15 depositions; and the voluminous discovery produced to defendant and need for translation of materials from Arabic to English, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

   c. On July 29, 2024, defendant's current counsel's request to substitute in as counsel of record was approved by order of the Court.  Defense counsel has represented to counsel for the government that he is presently scheduled to be in (1) a preliminary hearing in Orange County Superior Court beginning October 1, 2024, in case number WC2109003; (2) in trial in <u>United States v. Gomez</u>, 24-CR-321-PA, beginning November 19, 2024; and (3) has at least three additional matters pending in California Superior Court that could be scheduled for trial in the coming weeks and months, in addition to other commitments.  Accordingly, counsel represents that he will not have the time he believes is necessary to prepare for trial in this matter on the current trial date.

   d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with

3

defendant; conduct and complete an independent investigation of the case, including interviews and potential Rule 15 depositions with witnesses located abroad; conduct and complete additional legal research including for potential pre-trial motions; have translated and review the discovery and potential evidence in the case; and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   f. The government does not object to the continuance.

   g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 1, 2024, to January 21, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make

a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, including the charges and allegations in the Indictment; the ongoing investigation by the government, including official requests for evidence to foreign countries under Mutual Legal Assistance Treaties; the presence of victims and witnesses in foreign countries, including the need for potential Rule 15 depositions; and the voluminous discovery produced to defendant and need for translation of materials from Arabic to English, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. In addition, the parties believe and acknowledge that selection of a firm, realistic trial date is of particular importance in this matter, given the nature of the prosecution and the need for witnesses and victims to travel from abroad to the United States for testimony at trial. Accordingly, the parties have selected a stipulated trial date of January 21, 2025, with the belief that this is a realistic trial date, and do not anticipate additional continuances absent agreement by the parties, or substantial hardship or good cause.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 18, 2024              Respectfully submitted,

                                                  E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

  /s/
JOSHUA O. MAUSNER
Assistant United States Attorney

NICOLE M. ARGENTIERI
Principal Deputy Assistant Attorney General
Head of the Criminal Division

PATRICK JASPERSE
ALEXANDRA SKINNION
Trial Attorneys
U.S. Department of Justice, Criminal Division
Human Rights and Special Prosecutions Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am SAMIR OUSMAN ALSHEIKH's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision

to give up the right to be brought to trial earlier than January 21, 2025 is an informed and voluntary one.

_____    9/18/24
PETER HARDIN                       Date
Attorney for Defendant
SAMIR OUSMAN ALSHEIKH


This agreement has been read to me in Arabic, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 21, 2025.

_____    9.18.24
SAMIR OUSMAN ALSHEIKH              Date
Defendant


**CERTIFICATION OF INTERPRETER**

I, Sofian Haikal, am fluent in the written and spoken English and Arabic languages. I accurately translated this entire agreement from English into Arabic to defendant SAMIR OUSMAN ALSHEIKH on this date.

_____    9/18/2024
INTERPRETER                        Date

7