TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
JOSHUA O. MAUSNER (Cal. Bar No. 260251)
Assistant United States Attorney
Chief, Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0619
     Facsimile: (213) 894-3713
     E-mail:   joshua.mausner@usdoj.gov

A. TYSEN DUVA
Assistant Attorney General
Criminal Division
PATRICK JASPERSE (D.C. Bar No. 986804)
ALEXANDRA SKINNION (Penn. Bar No. 327795)
Trial Attorneys
U.S. Department of Justice
Criminal Division
Human Rights and Special Prosecutions Section
     1301 New York Avenue, NW
     Washington, DC 20503
     Telephone: (202) 616-8917; (202) 307-6641
     Email: patrick.jasperse@usdoj.gov; alexandra.skinnion@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-00483-HDV |
| Plaintiff, | GOVERNMENT'S NOTICE OF FOREIGN LAW |
| v. | Trial Date: March 3, 2026 |
| SAMIR OUSMAN ALSHEIKH, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Deputy Attorney General and First Assistant United States Attorney for the Central District of California, Assistant

United States Attorney Joshua O. Mausner, the Assistant Attorney General for the Criminal Division of the Department of Justice, and Department of Justice Trial Attorneys Patrick Jasperse and Alexandra Skinnion, hereby files this Notice of Foreign Law, pursuant to Federal Rule of Criminal Procedure 26.1, and moves the Court to take judicial notice that the Syrian Constitution, the Syrian Penal Code, and the Convention Against Torture, which Syria had ratified at the time relevant to the conduct alleged in this case, prohibited torture.

Pursuant to the Court's standing order, the parties met and conferred regarding this motion on December 18, 2025, and December 19, 2025. Counsel for defendant requested that the government "note [defendant's] objection" to the motion.

//

//

This motion is based upon the attached memorandum of points and authorities and exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 29, 2025            Respectfully submitted,

                                    TODD BLANCHE
                                    Deputy Attorney General
                                    BILAL A. ESSAYLI
                                    First Assistant United States
                                    Attorney

                                    IAN V. YANNIELLO
                                    Assistant United States Attorney
                                    Chief, National Security Division


                                      /s/
                                    _____
                                    JOSHUA O. MAUSNER
                                    Assistant United States Attorney

                                    A. TYSEN DUVA
                                    Assistant Attorney General
                                    Criminal Division

                                    PATRICK JASPERSE
                                    ALEXANDRA SKINNION
                                    Trial Attorneys
                                    U.S. Department of Justice
                                    Criminal Division
                                    Human Rights and Special
                                    Prosecutions Section

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

The charges for which defendant Samir Ousman Alsheikh ("defendant") is scheduled to stand trial on March 3, 2026, include one count of conspiracy to commit torture, in violation of 18 U.S.C. § 2340A(c), and three counts of torture, in violation of 18 U.S.C. § 2340A(a).  (Dkt. 48.)  The federal torture statute defines torture as "an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control."  18 U.S.C. §2340(1).  As will be set forth in the government's proposed jury instructions that will be filed with the Court prior to trial, the government is required to prove that the torture inflicted in this case was not incidental to lawful sanctions.  The government asks the Court to take judicial notice that torture was prohibited in Syria during the relevant time period, and thus the severe pain and suffering defendant is charged with inflicting was not incidental to lawful sanctions.

### II.   THE FEDERAL RULES GIVE THE COURT THE AUTHORITY TO DETERMINE FOREIGN LAW

Rule 201 of the Federal Rules of Evidence states that a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201((b)(2).  The advisory committee notes to Rule 201 indicate that "the method of invoking the law of a foreign country is covered" in Rule 26.1 of the Federal Rules of Criminal Procedure.

Rule 26.1 of the Federal Rules of Criminal Procedure states:

> A party intending to raise an issue of foreign law must provide the court and all parties with reasonable written notice. Issues of foreign law are questions of law, but in deciding such issues a court may consider any relevant material or source—including testimony—without regard to the Federal Rules of Evidence.

The Supreme Court has explained that Rule 26.1 "set[s] forth a procedure for interpreting foreign law that improves on those available at common law" and "gives federal courts sufficient means to resolve the incidental foreign law issues they may encounter" in criminal cases. Pasquantino v. United States, 544 U.S. 349, 370 (2005). Likewise, the Ninth Circuit has held that the court, not the jury, should determine issues of foreign law. See Shen v. Garland, 109 F.4th 1144, 11546 (9th Cir. 2024) ("a court's 'determination' of foreign law 'must be treated as a ruling on a question of law'"); United States v. Chao Fan Xu, 706 F.3d 965, 986 (9th Cir. 2013), as amended on denial of reh'g (Mar. 14, 2013), and abrogated on other grounds by RJR Nabisco v. Eur. Cmty., 579 U.S. 325 (2016) ("Rule 26.1 gives the district court broad discretion in considering evidence to make determinations of foreign law. . . . [T]he jury is not the appropriate body to determine issues of foreign law.") (quoting United States v. Mitchell, 985 F.2d 1275, 1280 (4th Cir. 1993), and States v. McClain, 593 F.2d 658, 669 n.17 (5th Cir. 1979)).

## III. APPLICABLE SYRIAN LAW

To assist the Court in determining the applicable law in Syria from approximately 2005 to 2008 — the time period during which defendant is accused of torturing prisoners at the Syrian prison he was the head of — the government hereby submits a letter, attached as Exhibit 1, from George Sadek, Foreign Law Specialist at the Law

2

Library of Congress.  The Law Library of Congress was established "to provide authoritative legal research, reference and instruction services, and access to an unrivaled collection of U.S., foreign, comparative, and international law."  See About the Law Library | Law Library of Congress | Research Centers | Library of Congress (loc.gov), https://www.loc.gov/research-centers/law-library-of-congress/about-this-research-center/ (last visited December 15, 2025).  To that end, the Law Library employs "a staff of experienced foreign and U.S. trained legal specialists and law librarians."  Id. Exhibit 2 is Mr. Sadek's curriculum vitae, which further describes his qualifications.

Mr. Sadek's letter states that Syria's constitution, criminal code, and treaties all prohibited torture during the relevant time period.  According to Mr. Sadek's letter:

First, the Constitution of the Syrian Arab Republic of 1973, which was in place until 2012, stated in Article 28 (3): "No one may be tortured physically or mentally or be treated in a humiliating manner."

Second, a provision of the Penal Code that was in effect in Syria during the relevant time period stated: "Anyone who batters a person with a degree of force that is not permitted by law in order to extract a confession to, or information about, an offence shall be subject to a penalty of from three months to three years in prison. . . .  If the assault causes an illness or an injury, the penalty shall be a minimum of one year's imprisonment."

Third, in 2004, Syria ratified the Convention Against Torture, which made its provisions binding in Syria.  The Convention Against Torture prohibits "any act by which severe pain or suffering, whether

physical or mental, is intentionally inflicted on a person. . . [by] a public official or other person acting in an official capacity."

Accordingly, torture was prohibited in Syria from in or about 2005 and continuing through in or about 2008, which means that any torture for which defendant was responsible was not incidental to lawful sanctions.

## IV.    CONCLUSION

Therefore, the government requests that the Court take judicial notice and instruct the jury that the law in effect in Syria from 2005 to 2008 prohibited torture — a determination that will be relevant to the jury's consideration of whether the charged torture was "incidental to lawful sanctions."