NINA MARINO, ESQ. (State Bar No. 142815)
JENNIFER LIESER, ESQ. (State Bar No. 313707)
MORIAH RADIN, ESQ. (State Bar No. 260245)
COLLIN CATE, ESQ. (State Bar No. 365876)
KAPLAN MARINO, PC
1546 N. Fairfax Ave.
Los Angeles, CA 90046
Tel: (310) 557-0007
Fax: (310) 861-1776
E-mail: marino@kaplanmarino.com
        lieser@kaplanmarino.com
        radin@kaplanmarino.com
        cate@kaplanmarino.com

Attorneys for Defendant
SAMIR OUSMAN ALSHEIKH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMIR OUSMAN ALSHEIKH<br><br>　　　　　　Defendant. | Case No. 24-CR-00483-HDV<br><br>**REPLY TO GOVERNMENT RESPONSE TO MOTION FOR LIVE TWO-WAY VIDEO TESTIMONY**<br><br>**[FED. R. CRIM. P 26]**<br><br>Honorable Hernan D. Vera<br>Hearing Date: February 19, 2026<br>Hearing Time: 1:30 p.m.<br>Trial Date: March 2, 2026 |

# REPLY

## I. INTRODUCTION

Alsheikh respectfully refers the Court to his Ex Parte Application for Leave to File Reply Five Days After HSI Issues Travel Decisions for Defense Witnesses; Declaration of Nina Marino. (Dkt. 172.) For the reasons stated therein, and incorporated herein, the parties and this Court should confer on the issue of remote testimony and the issue of the currently scheduled trial date *after* HSI has provided the necessary information.

Alsheikh moved for an Order allowing witnesses to testify at trial via contemporaneous two-way video because none of Alsheikh's witnesses had received travel permission from HSI, and Alsheikh was seeking a mechanism by which to maintain the currently scheduled trial date and still be able to defend against the charges. The arguments the government makes against remote testimony seek to blame the defense for delays that the defense clearly had no control over and still does not.

The government entirely fails to acknowledge that nearly every single witness in this case resides overseas, and that all the torture conduct alleged – which carries a potential life sentence if Alsheikh is convicted - took place 20 years ago in Syria, a country in turmoil with no U.S. relations. The complexity of the investigation and preparation of this matter for trial, made even more complex by the fact that Alsheikh is in custody, cannot be overstated.

The government argues that because their witnesses have travel permission and can travel – so should ours. The government ignores the reality that **none** of the defense international witnesses in fact do have travel permissions. The lack of travel permissions necessitates an alternative form of the giving of testimony as contemplated by Federal Rule of Criminal Procedure 26.

The fact that "more than a year ago, the government advised the defense to work in advance if it planned to call foreign witnesses" is irrelevant. (Dkt.169 at 3.) *More*

*than a year ago*, the defense had been engaged on this matter for a mere two months. (*See* Dkt. 172 at Marino Decl., ¶ 4.) Nevertheless, by July 2025, the defense had identified potential defense witnesses and began engagement with HSI for travel permissions. The fact that, seven months later, HSI has not provided any travel permission is hardly the fault of the defense in this case. It cannot be overstated that the defense has at all times exercised due diligence in the preparation of this matter. (*See id.* at ¶ 3.)

## II.  ARGUMENT

The defense would certainly prefer to have all their witnesses testify live. The Motion for Live Two-Way Video Testimony was filed as a prophylactic measure because none of the defense witnesses had or have been granted permission to travel to the United States which constituted exceptional circumstances. Certainly, if defense witnesses do not have permission to travel to the United States, they are unavailable to provide testimony absent some other mechanism.

The government argues that financial hardship is not a basis for unavailability and that defense counsel "has not applied for a court order to pay for witness travel expenses based on an inability to pay." (Dkt. 169 at 10.) Once again, the government puts the cart in front of the horse. Defense counsel cannot apply for a court order for witness travel expenses for witnesses that do not yet have permission to enter the United States.

Regarding remote testimony, the government exaggerates the risk of witness coaching or intimidation, which can be mitigated through camera positioning and proper supervision. The oath's effectiveness depends on the witness's understanding of its importance, not the physical location where it's administered. *See Maryland v. Craig,* 497 U.S. 836, 850 (1990) (touchstones of reliability are the *administering of an oath,* opportunity for cross examination, and jury observation of the witness's demeanor) (emphasis added). Moreover, the defense contemplated that the Court would administer the oath, and not "a Syrian lawyer in his law office." (Dkt. 169 p.

16.) *See United States. v. Rosenau,* F. Supp.2d 1109, 1113-14 (W.D. Wash. 2012) (live two-way video testimony for a witness in a foreign country under an oath administered by a court satisfied the *Craig* reliability standard).

The government may or may not be correct regarding the available time before trial to obtain host country specific approval for the taking of remote testimony. Until such time as travel permissions are issued, the defense is unable to determine from which countries to seek approval and what the time frame for approval will be.

### III.    CONCLUSION

While the government begrudgingly acknowledges that "the defendant is entitled to put on a defense" (Dkt. 169 at 22), it entirely ignores the realities of this case, including the lack of timeliness of HSI's responsiveness, and the efforts made by counsel to be ready for trial. For these reasons and those further articulated in Alsheikh's Ex Parte Application (Dkt. 172), the parties and this Court should confer on the issue of remote testimony and the issue of the currently scheduled trial date *after* HSI has provided the necessary information.

Dated: February 4, 2026                     Respectfully submitted,

                                            By: _____/s/_____
                                                NINA MARINO
                                                JENNIFER LIESER
                                                MORIAH RADIN
                                                COLLIN CATE
                                                Attorneys for Defendant
                                                Samir Ousman Alsheikh