JENNIFER LIESER, ESQ. (State Bar No. 313707)
NINA MARINO, ESQ. (State Bar No. 142815)
MORIAH RADIN, ESQ. (State Bar No. 260245)
COLLIN CATE, ESQ. (State Bar No. 365876)
KAPLAN MARINO, PC
1546 N. Fairfax Ave.
Los Angeles, CA 90046
Tel: (310) 557-0007
Fax: (310) 861-1776
E-mail: lieser@kaplanmarino.com
         marino@kaplanmarino.com
         radin@kaplanmarino.com
         cate@kaplanmarino.com

Attorneys for Defendant
SAMIR OUSMAN ALSHEIKH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SAMIR OUSMAN ALSHEIKH <br><br> Defendant. | Case No. 24-CR-00483-HDV <br><br> **OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE #4 TO PRECLUDE USING INTERVIEW REPORTS TO IMPEACH WITNESSES (DKT. 159)** <br><br> Honorable Hernan D. Vera <br><br> Hearing Date: February 19, 2026 <br> Trial Date: March 2, 2026 |

# OPPOSITION

## I. INTRODUCTION

Defendant Samir Ousman Alsheikh respectfully submits this Opposition to the Government's Motion in Limine ("MIL") #4 to Preclude Using Interview Reports to Impeach Witnesses. (Dkt. 159.) Defense counsel is fully aware of what constitutes proper and improper cross-examination and impeachment evidence under Federal Rule of Evidence 613 and the Jencks Act. Counsel understands that the Jencks Act requires a witness's "statement" to be either signed or adopted by the witness, or to contain a substantially verbatim recital of the witness's oral statement. Defense counsel does not intend to misrepresent law enforcement reports as witnesses' own verbatim statements or to improperly introduce unadopted reports as exhibits. However, the government's motion seeks relief that is both overbroad and premature, and would improperly restrict legitimate cross-examination.

## II. ARGUMENT

The government seeks to preclude defense counsel from introducing FBI 302s and HSI ROIs, quoting their contents to the jury, suggesting that the reports are the witness's own statements, or placing the reports before a witness to insinuate contradictory statements were made. The government's request is premature, overbroad and confusing.

Notably, the government's own motion is internally contradictory. On the one hand, the government asks this Court to preclude defense counsel from "quoting the contents of the reports to the jury." (Dkt. 159 at 1.) On the other hand, the government approvingly cites *United States v. Tones*, 759 F. App'x 579, 585-86 (9th Cir. 2018), for the proposition that "[t]he district court took the correct approach by instructing defense counsel to ask the witnesses whether they had made the statements in the reports, and if they denied making them, to call the law enforcement officers who prepared the reports." (Dkt. 159 at 3.) In order to ask a

1  witness whether they made a particular statement reflected in an interview report,
2  counsel must necessarily reference the contents of that report during cross-
3  examination. The government cannot have it both ways. If the *Tones* approach is
4  "correct" – as the government concedes – then defense counsel must be permitted
5  to ask witnesses whether they made specific statements to law enforcement, even if
6  the report itself is not placed before the witness or admitted into evidence. This
7  form of questioning inherently involves quoting from the report's contents. The
8  defense is permitted to pursue this avenue of cross-examination, which the
9  government's own cited authority endorses.
10         Moreover, the government generalizes that the interview reports are not
11 verbatim recitations, have not been reviewed by the witnesses, and have not been
12 adopted by the witnesses to argue that they do not constitute the witnesses' own
13 statements and thus Federal Rule of Evidence 613(b), permitting extrinsic evidence
14 of a witness's prior inconsistent statement, does not apply. (Dkt. 159 at 1-2; *see
15 also* 18 U.S.C. § 3500(e).) But the government fails to show, with specificity, that
16 this is, in fact, the case for each interview report of witnesses the government
17 intends to call at trial. In *United States v. Butler*, No. 23-CR-00449-SI-1, 2025 WL
18 621892, at *6 (N.D. Cal. Feb. 26, 2025), the court denied as premature a virtually
19 identical motion to preclude impeachment based on law enforcement interview
20 summaries, recognizing that resolution requires an individualized approach, and
21 establishing a procedure for case-by-case determination rather than blanket
22 exclusion. There, the government agreed that "if an agent's 302 report of a witness
23 is a substantially verbatim recital recorded contemporaneously or has been
24 otherwise adopted or approved by the witness, then that witness is impeachable
25 with that 302 itself." *Id.; see also United States v. Miller*, 771 F.2d 1219, 1232 (9th
26 Cir. 1985) (regarding production of an FBI 302, establishing that memoranda
27 containing summaries of witness interviews are potentially producible under the
28 Jencks Act if they were adopted by the witness *or contain a substantially verbatim*

*recital of the witness's oral statement*); *Ogden v. United States*, 303 F.2d 724, 734-35 (9th Cir. 1962) (same).

This Court should adopt the same case-by-case determination as *Butler* and deny the government's motion as premature. 2025 WL 621892, at *6. The Supreme Court in *Palermo* was concerned with unfairness, but it would be equally unfair to prevent the defense from exploring potential inconsistencies between a witness's trial testimony and what they reportedly told investigators closer to the events in question. 360 U.S. 343, 352-53, 358-60 (1959)).

### III. CONCLUSION

For the foregoing reasons, Alsheikh respectfully requests that the Court deny the government's Motion in Limine #4.

Dated: February 9, 2026                    Respectfully submitted,

By: _____/s/_____
    JENNIFER LIESER
    NINA MARINO
    MORIAH RADIN
    COLLIN CATE
    Attorneys for Defendant
    Samir Ousman Alsheikh