JENNIFER LIESER, ESQ. (State Bar No. 313707)
NINA MARINO, ESQ. (State Bar No. 142815)
MORIAH RADIN, ESQ. (State Bar No. 260245)
COLLIN CATE, ESQ. (State Bar No. 365876)
KAPLAN MARINO, PC
1546 N. Fairfax Ave.
Los Angeles, CA 90046
Tel: (310) 557-0007
Fax: (310) 861-1776
E-mail: lieser@kaplanmarino.com
        marino@kaplanmarino.com
        radin@kaplanmarino.com
        cate@kaplanmarino.com

Attorneys for Defendant
SAMIR OUSMAN ALSHEIKH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SAMIR OUSMAN ALSHEIKH <br><br> Defendant. | Case No. 24-CR-00483-HDV <br><br> **OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE #5 TO PRECLUDE JURY NULLIFICATION AND OTHER IMPROPER DEFENSE ARGUMENTS (DKT. 160)** <br><br> Honorable Hernan D. Vera <br><br> Hearing Date: February 19, 2026 <br> Trial Date: March 2, 2026 |

**OPPOSITION**

## I. INTRODUCTION

Defendant Samir Ousman Alsheikh respectfully submits this Opposition to the Government's Motion in Limine ("MIL") #5 to Preclude Jury Nullification and Other Improper Defense Arguments. (Dkt. 160.)

Defense counsel does not intend to offer improper evidence or argument in this matter in the form of jury nullification or any appeal to the jury to disregard its oath to follow the law. Counsel previously advised the government of this during the parties' meet-and-confer. Nevertheless, because the government's motion seeks to preclude broad categories of evidence that are plainly relevant under Rules 401 and 402 of the Federal Rules of Evidence, this Opposition is necessary.

## II. ARGUMENT

The government's motion rests on the flawed premise that a broad swath of relevant evidence "would be intended only to inflame the jury, create sympathy, and support nullification." (Dkt. 160 at 8.)

Evidence introduced to assist the jury in understanding the sequence of events, evaluating witness credibility, or assessing the defendant's state of mind is categorically different from evidence designed solely to encourage the jury to disregard the law. *See United States v. Potapova*, 800 F. App'x 14, 17 (2d Cir. 2020) (recognizing that restrictions on evidence must serve "legitimate interests in the criminal trial process" and not be "arbitrary or disproportionate to the purpose they are designed to serve") (citations omitted). Further, evidence that may be emotionally resonant is not automatically nullification evidence; rather, the proper analysis under Rule 403 weighs probative value against unfair prejudice, and Rule 403 "generally favors the admission of relevant evidence." *United States v. Escalante-Melgar*, 567 F. Supp. 3d 485, 492 (D.N.J. 2021). Excluding all such evidence would deprive Alsheikh of his constitutional right to present a complete defense. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986). This right is not

limitless, but evidentiary rules must not be "arbitrary or disproportionate to the purposes they are designed to serve." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). The blanket exclusion sought by the government would be precisely that.

The following chart provides non-exhaustive, potential legitimate, non-nullification purposes for which the topics the government seeks to exclude are admissible under the Federal Rules of Evidence and the Constitution.

| Government identified "improper" topics | Permissible, relevant and probative areas of inquiry |
|---|---|
| The fact that the torture alleged in the FSI victimized foreign nationals, and that prosecution of these crimes is therefore either a waste of government resources because it occurred outside the United States and against foreign nationals or is something the jury should not care about. (Dkt. 160 at 4-5.) | While the torture statute does apply extraterritorially, the defense has legitimate interests in contextualizing the case's unique circumstances without advocating nullification.<br><br>The extraterritorial nature of the alleged conduct creates complex factual questions about evidence reliability, witness credibility, and investigative challenges that are directly relevant to reasonable doubt.<br><br>These contextual factors speak to the weight and sufficiency of evidence rather than encouraging nullification, making them appropriate for jury consideration under Rules 401 and 402. |
| The passage of time, age of the charged conduct, or the age or assimilation in the United States of defendant and his family since the charged conduct. (*Id.* at 5.) | The passage of time or evidence of the defendant's life circumstances since the alleged events may be relevant to the jury's understanding of the sequence of events; it is also relevant to credibility assessments and memory reliability of government witnesses |

| | |
|---|---|
| | given the significant time that has passed. The passage of time affects witness recollections and documentary evidence integrity, creating legitimate questions about the reliability of identification and testimony.<br><br>This evidence goes to the weight of the government's case, not jury nullification. |
| That torture may have occurred elsewhere throughout the world at the same time and by other countries or individuals (essentially arguing that defendant is being selectively prosecuted) or otherwise eliciting evidence or making arguments related to investigative or prosecutorial decisions. (*Id.* at 6.) | Contextual evidence about torture practices would not be aimed at selective prosecution but may be crucial for establishing alternative explanations for witness testimony, particularly since the government witnesses were incarcerated in numerous facilities and not just Adra.<br><br>It may also be crucial for challenging the government's narrative about the defendant's specific role and knowledge. This evidence could demonstrate mistaken identity or provide critical context about prison operations that directly relates to the elements of the charged offenses. Under Rule 401, evidence that makes a material fact more or less probable is relevant, and categorically excluding such contextual evidence would improperly restrict the defendant's Sixth Amendment right to present a complete defense. |
| The punishment defendant faces, including potentially a lengthy prison | While direct appeals regarding punishment are improper, completely |

| | |
|---|---|
| sentence, deportation, or other collateral consequences to defendant or his family if convicted. (*Id.* at 7.) | barring reference to consequences may prevent the defense from effectively examining witness bias and motivation. *See In re United States*, 945 F.3d 616, 630 (2d Cir. 2019) (noting that "there is no absolute prohibition on exposing the jury to sentencing consequences" and that introduction of such evidence for purposes other than for nullification, such as witness "bias or improper motive" may be proper impeachment evidence). |
| That the Department of State, U.S. Citizenship and Immigration Services, or other U.S. government agencies were in any way negligent or should have done more diligence prior to granting defendant a visa and admitting him into the United States. (*Id.* at 7-8.) | Evidence of government agencies' procedures may be relevant to the mens rea element of fraud charges, which requires specific intent to deceive. Additionally, if information about the defendant's background was previously disclosed to, already known to, or accessible by government agencies, this undermines the materiality element of fraud and speaks to whether the defendant knowingly made false statements with intent to deceive. This is not victim-blaming but rather challenges essential elements of the fraud charges. Unlike *Lindsey*, 850 F.3d 1009, 1015 (9th Cir. 2017), cited by the government, which involved private lenders, this case involves government agencies with intelligence-sharing capabilities, making their knowledge and procedures relevant to whether the defendant's statements |

| | |
|---|---|
| | were actually material or made with fraudulent intent.<br><br>Further, under *Lindsey*, the Ninth Circuit held that while evidence of individual lender behavior is not admissible to disprove materiality, "evidence of general lending standards in the mortgage industry is admissible to disprove materiality." *Id.* at 1019. Likewise, the government's knowledge or procedures would be relevant to determining whether Alsheikh's statements were capable of influencing agency decisions. |
| Testimony or argument regarding political issues in the current climate, whether related to Syria or to United States immigration policy, such topics should be precluded as both unduly prejudicial and meant only to inflame the jury toward nullification. (*Id.* at 9.) | Limited contextual references to political conditions or policies in Syria would not be offered to inflame the jury or invite nullification, but to provide necessary background for evaluating witness credibility, bias and/or motivation. When properly circumscribed, this evidence may assist the jury in assessing credibility and the weight of the evidence, rather than appealing to sympathy or encouraging disregard of the law, and is therefore relevant under Rules 401 and 402 and not unfairly prejudicial under Rule 403. |

### III. CONCLUSION

The government seeks a blanket ruling excluding entire categories of evidence without reference to specific testimony, exhibits, or lines of questioning. This approach is both premature and overbroad. The proper time to evaluate the admissibility of specific evidence is when it is offered at trial, not through a motion

1 | in limine that seeks to categorically exclude evidence before its precise nature and
2 | context are known. The Court should decline the government's invitation to issue a
3 | sweeping pretrial ruling that would unnecessarily restrict Alsheikh's ability to
4 | present relevant evidence and a complete defense. For the foregoing reasons,
5 | Alsheikh respectfully requests that the Court deny the Government's Motion in
6 | Limine #5.

8 | Dated: February 9, 2026                Respectfully submitted,

10 |                                        By: _____/s/_____
11 |                                             JENNIFER LIESER
                                                 NINA MARINO
12 |                                             MORIAH RADIN
                                                 COLLIN CATE
13 |                                             Attorneys for Defendant
14 |                                             Samir Ousman Alsheikh